UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21969-Civ-WILLIAMS/TORRES

JOHN ENRIGHT,

    Plaintiff,

v.

PRINCIPAL LIFE INSURANCE COMPANY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Principle Life Insurance Company's ("Defendant") motion to dismiss John Enright's ("Plaintiff") complaint pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §1406(a) or, in the alternative, to transfer for convenience under 28 U.S.C. § 1404(a). [D.E. 6]. Plaintiff responded to Defendant's motion on July 24, 2020 [D.E. 8] to which Defendant did not file a reply and the time to do so has now passed. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, and for the reasons discussed below, Defendant's motion should be **GRANTED in part** and this case should be transferred to the United States District Court for the District of Colorado.[1]

---

[1] On May 11, 2020, the Honorable Kathleen Williams referred Defendant's motion to the undersigned Magistrate Judge for disposition. [D.E. 2].

## I.  BACKGROUND

On May 11, 2020, Plaintiff filed this action seeking long term disability benefits pursuant to an employee welfare benefit plan funded by a group insurance policy that Defendant issued to Plaintiff's employer, Braxton Science & Technology, LLC ("Braxton").  [D.E. 1].  The plan and the group policy are subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq*. ("ERISA").  Plaintiff claims that, during his employment, he suffered a disability with an effective date of September 21, 2018.  On April 22, 2019, Defendant advised Plaintiff that it was denying his claim because it determined that Plaintiff was not prevented from performing the substantial and material duties of his occupation.

Plaintiff filed an administrative appeal on October 17, 2019 and Defendant determined on March 12, 2020 that it would uphold the denial of his disability claims.  Plaintiff alleges that Defendant breached the plan and violated ERISA because Defendant failed (1) to pay benefits when owed, (2) to instruct Plaintiff on the required information needed to perfect the disability claim, and (3) to properly investigate the merits of the disability claim or to provide a full and fair review.  Because Defendant wrongfully denied Plaintiff's claim for disability benefits, Plaintiff seeks payment of his disability benefits, reinstatement to his disability plan, and the payment of costs, fees, and interest as allowed under ERISA.

## II. ANALYSIS

Defendant seeks to dismiss Plaintiff's complaint pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §1406(a) or, in the alternative, to transfer this action for the convenience of the parties under 28 U.S.C. §1404(a). Plaintiff's response is that he agrees, in part, with the relief sought and that this case should be transferred to the United States District Court for the District of Colorado. Although the parties agree, in some respects, that Defendant's motion should be granted and that this case should be transferred for improper venue, the Court will consider the arguments presented to determine whether dismissal or transfer is the appropriate remedy.

When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of showing that the venue selected is proper. *See Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (explaining that the plaintiff must make "only a prima facie showing of venue"); *BP Prods. N. Am., Inc. v. Super Stop 79, Inc.*, 464 F. Supp. 2d 1253, 1256 (S.D. Fla. 2006). "The facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits." *Delong*, 840 F.2d at 845. The court may also consider facts outside the complaint to determine whether venue is proper. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). In examining the record, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Id.*

Generally, venue in federal civil actions is governed under 28 U.S.C. § 1391. "Pursuant to § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *TMJ Practice Mgmt. Assocs., Inc. v. Curran*, 2017 WL 3130421, at *3 (S.D. Fla. July 24, 2017). If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).[2]

ERISA dictates that jurisdiction is proper, "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The parties appear to agree that the plan in this case was not administered in this district or that the alleged breach took place here. Instead, Plaintiff worked for Braxton in Colorado Spring, Colorado, and Defendant administered the plan's benefits in Des Moines, Iowa. Therefore, for ERISA

---

[2] "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction of the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962) (noting the statute's purpose of "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits").

4

purposes, venue can only be proper in the Southern District of Florida if Defendant "resides or may be found" here. *Id.*

To make this determination, courts often look to the definition set forth in 28 U.S.C. § 1391 when considering an ERISA defendant's residence. *See, e.g.*, *Diaz-Verson v. Aflac Inc.*, 2012 WL 398353, at *6 (M.D. Fla. Jan. 11, 2012), *Report and Recommendation adopted*, 2012 WL 398329 (M.D. Fla. Feb. 8, 2012) (citing cases). Section 1391 provides in relevant part the following:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced .
> . . .

28 U.S.C. § 1391(c).

Taking into account the venue statute in conjunction with ERISA, courts have further concluded that a defendant "may be found" in a jurisdiction when "the defendant has *sufficient contacts* with the particular district to support a conclusion that the defendant 'may be found' there." *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 810 (7th Cir. 2002) (citing *I.A.M. Nat'l Pension Fund v. Wakefield Indus., Inc.,* 699 F.2d 1254, 1257 (D.C. Cir. 1983) ("The Ninth Circuit held [in *Varsic v. United States District Court for the Central District of California,* 607 F.2d 245 (1979)] that Congress intended, by allowing venue wherever a defendant might be 'found,' to permit suit in any district where a defendant entity's contacts 'are sufficient to satisfy the "minimum contacts" test for personal jurisdiction' as defined by *International Shoe Co. v. Washington.*")).

Here, Plaintiff has presented no evidence that Defendant "resides or may be found" in this district to meet the minimum contacts test for personal jurisdiction. *See Waeltz*, 301 F.3d at 810 ("A fund can be found in a judicial district if it has the sort of 'minimum contacts' with that district that would support the exercise of personal jurisdiction"). Defendant has shown, on the other hand, that its company is incorporated under the laws of the State of Iowa with a principal place of business in Des Moines, Iowa. Defendant has also presented unrebutted evidence that it markets and issues the group policy to Plaintiff's employer in Colorado, and that the plan has *never been* administered in Florida. Thus, without any evidence that Defendant has minimum contacts with Florida, we are left without any connection as to how venue is proper in this district.

The only question left is whether this case should be transferred or dismissed. If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendant argues that this case should be dismissed, but never presents a persuasive reason in support of that contention when a transfer of this action would cure venue and allow this case to be litigated on the merits. In fact, Defendant presents several compelling reasons in support of transfer because, at all material times, Plaintiff resided in Colorado, met with at least one treating physician concerning his alleged disability, and the medical records/witnesses that are essential to the evaluation of Plaintiff's claim are located in the same state.

Defendant nonetheless maintains that dismissal is the preferred remedy because the Court lacks personal jurisdiction. But, "§ 1406(a) permits a transfer to an appropriate forum 'in the interest of justice,' even if personal jurisdiction over [a] defendant is lacking." *Wainwright v. Thomas*, 2014 WL 4925878, at *1 (M.D. Ala. Sept. 30, 2014) (citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 (1962) ("The language of [§] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.")). And "[t]he decision whether to transfer or dismiss a case pursuant to § 1406(a) 'lies within the sound discretion of the district court.'" *Wainwright*, 2014 WL 4925878, at *3 (citing *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir. 1993)).³ Given that venue can be cured with a simple transfer – as opposed to the potential harm of prejudicing Plaintiff with a dismissal – Defendant's motion to dismiss should be **GRANTED in part** and this case should be transferred to the United States District Court for the District of Colorado.

---

³   The leading case on § 1406(a) transfers is *Goldlawr, Inc. v. Heiman*. There, the Supreme Court explained that Congress enacted § 1406(a) to "avoid[] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc.*, 369 U.S. at 466. The plaintiff in *Goldlawr* would have suffered an injustice had the court dismissed its case because the statute of limitations had run on the majority of its claims.

### *III. CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion [D.E. 6] be **GRANTED in part** and that this case be transferred to the United States District Court for the District of Colorado.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 17th day of August, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge